UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>   v.<br><br>JOSE PARRA-TEJADA,<br><br>                Defendant. | NO:  2:14-CR-0112-TOR<br><br>ORDER DENYING MOTION TO SUPPRESS, MOTION TO DISMISS, ETC. |

    BEFORE THE COURT is Defendant's Motion for Grand Jury Transcripts (ECF No. 29), Motion to Suppress Statements (ECF No. 30), Motion to Dismiss Case (ECF No. 31), and Motion to Suppress Evidence and Dismiss Case (ECF No. 32).  An evidentiary hearing was held January 15, 2015.  The United States was represented by Aine Ahmed.  Defendant was represented by Nicholas Marchi. The Court has reviewed the motions and accompanying pleadings, has considered the testimony and is fully informed.  For the reasons expressed at the hearing and as expressed more fully below, the Court denies the motions.

FINDINGS OF FACT

On August 19, 2014, the Grand Jury returned a one-count Indictment charging Defendant with being an Alien in the United States after Deportation. The charge arose from an encounter with the Defendant on August 5, 2014, on a Greyhound bus in Spokane, Washington. On August 5, 2014, Senior Border Patrol Agents Joe McCraw and Leigh Fitzpatrick conducted a check of the passengers in a Greyhound bus that was preparing to depart for Montana. Agent Fitzpatrick entered the bus and beginning from the back of the bus, in the English language, asked each passenger two questions; "where were you born?" and "where are you going?" Agent McCraw stayed at the front of the bus near the driver's area, half way in the aisle and half way behind a seat. He explained that he did so to allow people to freely leave if they wanted to get off the bus. Both agents were dressed in full Border Patrol uniform bearing the U.S. Border Patrol patches on the front, back and sides of their clothes, with a full duty belt, including a service weapon. No raised voices were ever used, no weapon was ever drawn.

Agent Fitzpatrick testified that he used the Border Patrol procedure (Government Exhibit 1) to conduct the consensual questioning of all passengers on the bus, including the Defendant. When Agent Fitzpatrick questioned each passenger, he stood at the rear of the seat in which the passenger was sitting so if the passenger wanted to get up and leave, that person could do so.

Near the middle of the bus, Agent Fitzpatrick encountered the Defendant and asked him the same two questions. In Spanish, the Defendant replied that he did not understand. Agent Fitzpatrick then asked, in the Spanish language, whether Defendant had documents to be in the United States. Defendant answered that his employer had his documents. Agent Fitzpatrick then asked basically whether those documents gave Defendant the legal ability to be in the United States. Defendant replied in the negative so Agent Fitzpatrick asked Defendant to grab his things and go to the agent in the front of the bus. Defendant never refused the questioning and never asked or attempted to leave. Defendant then exited the bus with Agent McCraw. Agent Fitzpatrick finished asking the remaining passengers the two questions and then he too departed the bus.

Once off the bus, Defendant confirmed his name, date of birth and reiterated that he was not lawfully in the United States. Defendant claimed that he was born in Pihuamo, Jalisco, Mexico and that he is a citizen and national of Mexico and that he did not have any immigration documents to be in or remain in the United States legally. Supervisory Agent Greenhagen confirmed with radio dispatch that Defendant was in the United States illegally. Defendant was then advised of his Miranda rights, and did not thereafter waive those rights.

Both Agents Fitzpatrick and McCraw testified and the Court fully credits their testimony. The Court rejects Defendant's countervailing declaration (ECF

1 No. 33) that he was singled out because he was Hispanic, as unbelievable in the
2 face of conflicting evidence.  Defendant did not testify at the hearing.

3                                              DISCUSSION

4       This is a classic consensual encounter of bus passengers by law enforcement
5 officers case.  It was conducted precisely pursuant to the dictates of the Supreme
6 Court in *United States v. Drayton*, 536 U.S. 194 (2002).  Clearly, the Border Patrol
7 devised its policy pursuant to direction from the Supreme Court and conducted the
8 consensual encounters with the bus passengers in this case, free of coercion.  There
9 was no show of force.  There was no blocking of aisles.  There were no raised
10 voices or demands for information.  There was no racial profiling, everyone was
11 asked the same initial questions. While the agents did not advise the passengers of
12 their right to refuse to cooperate, objectively, in this case a reasonable person
13 would feel free to decline the officer's questioning.  Accordingly, in this case, the
14 consensual encounter did not transform into an unconstitutional seizure and
15 questioning.

16       On the evidence presented, the Court finds Defendant was not subject to
17 custodial questioning during the encounter, but rather voluntarily answered the
18 agents' questions.  Thus, Defendant's statements will not be suppressed.  Further,
19 there is no evidence of unconstitutional racial profiling and that motion will also be
20

denied.  Defendant clarified that he was not pursuing an Equal Protection Clause, racial profiling challenge.

For the reasons stated at the hearing, this case does not present a double jeopardy question and the motion to dismiss on those grounds is denied.

The Court orally ruled on Defendant's oral motions in limine.  The Court's oral ruling stands.

Accordingly, IT IS HEREBY ORDERED:

1. Defendant's Motion for Grand Jury Transcripts (ECF No. 29), is **DENIED** as moot.  The government has provided the transcript of the testimony to the defense.

2. Defendant's Motion to Suppress Statements (ECF No. 30) is **DENIED**.

3. Defendant's Motion to Dismiss Case (ECF No. 31) is **DENIED**.

4. Defendant's Motion to Suppress Evidence and Dismiss Case (ECF No. 32) is **DENIED**.

IT IS SO ORDERED.  The District Court Executive is directed to enter this order and provide copies to counsel.

**DATED** January 15, 2015.

THOMAS O. RICE
United States District Judge

ORDER DENYING MOTION TO SUPPRESS, MOTION TO DISMISS, ETC. ~ 5